Step up. And I think you basically know our procedure, 15 minutes. And if we ask a lot of questions, then we'll give you some leeway. We're going to allow the appellee to file. Who's the appellee? You haven't introduced yourselves. My name is Amir Thomasby, Judge. I'm the appellant. Julie Clark for the appellee. So you're going to get the brunt of my discussion with you. This is not, as Joe Gordon would have said it right up front, this is totally unprofessional, amateurish, and not respectful to the court. Or to your opponent. So we're giving him 10 days to respond to these. I looked at them, and to be honest with you, they were more helpful to the appellee than they were to you. So I don't know why you filed them. But I just say I'm shocked this law firm would do such an amateurish thing. With that, you may proceed. Thank you, Judge. May it please the Court, my name, Your Honor, Justice Taylor, Justice Smith, and Justice House, this is Amir Thomasby, and I'm here on behalf of the appellant counsel. As the Court knows, the issue, the central issue before it is whether it was proper to allow class certification of this TCPA claim. The facts, the allegations are simple. They allege that an improper solicited fax was sent to the plaintiff. They sought class certification after discovery, and the Circuit Court granted that class certification. I want to focus on just three points, Justices. The first two relate with the requirements under Section 2-801 for class certification, namely that class certification must be fair and efficient. And then the second one is to whether or not there are common issues of law and fact. And the third point I want to make, Your Honors, relates to whether or not there was even a controversy to certify in this instance. And I'm going to be, I guess, a little bold here in saying that I think the issue of whether class certification in TCPA cases in Illinois is appropriate is somewhat one of first impression. Certainly there have been certifications of classes in TCPA claims. But I don't think this Court has really had the opportunity to address whether the TCPA class certification is an appropriate, a fair means of adjudicating a TCPA claim. Well, how would you start with it since you sent, since your client sent over 4,700 faxes and 4,100 were received? So we should have 4,100 separate cases or just, and not certify this as a class? Well, I would think, and I would start, Justice, if I can back up first. I would start with the statute and with what the legislature intended under the statute. I would say in this instance to directly answer your question, yes, under the TCPA, if somebody wants to bring a claim, they need to bring it individually on behalf of themselves. And that's when you go, and that's what leads me to the statute itself. And if you look at the history of the, first the statute, the language, if you look at the language, Justices, there is no provision for class certification. It doesn't contemplate it. It doesn't talk about any limits on damages. And I tend to, if you look at the history, the TCPA seems to be created from the FDCPA. I mean, it seems to be that same type of statute to prevent a nuisance, to prevent these annoyances. They're improper under the law, but there's a limit. And if you look at when the legislature enacted the FDCPA, they undoubtedly contemplated class actions because there's a provision in the FDCPA for class actions. And then recognizing the possible imbalance between the omission or the, excuse me, the act in this case, and the potential damage if a class is certified without any type of limits, what Congress did with the FDCPA, Justices, they limited that. They said, okay, if you're going to have a class action, we understand that, we think it may be appropriate, but we're going to say 500,000 or 1%. And now we get to the TCPA, which is the same type of statute insofar as it's enacted to stop annoyance, minor damages. And the Supreme Court recently talked about the TCPA itself and the legislative intent in the standard mutual case. And it basically, the Supreme Court said under its findings, the TCPA is enacted for that purpose, annoyance, these minor problems. And it's not meant to punish. And it's not meant to punish. So if you look at the statute itself, there is no provision for class certification. And so to allow class certification in a case like this, where you have over 4,100 facts to send, at $500 each fact, you're looking at over $2 million in damages. And that would disrupt the balance that Congress, I think, intended when they enacted the TCPA. And that was to compensate people for things such as anger. Shouldn't you just have made sure you had consent or that you had a prior business relationship? And then you could have sent out the facts, but you just bought a list without even regard. So why shouldn't the damages be that? The damages shouldn't be that because of the statute itself. So the fact that there's a violation on one person doesn't necessarily mean that the statute allows for you to go out and find 4,000 other people that may have received that fact to basically just pile on additional damages that I think under the TCPA weren't intended. That would create an imbalance, Justice Taylor, of the fact that they wanted to, not to punish, but to give some type of exemplary damage for the sending of a fact to the person who was annoyed, who did expend paper. That person, if they want to take the time to go and get their $500, they're entitled to that under the TCPA. But what I don't think the legislature intended is to allow that one person, then to create an additional $2 million in damage for what amount of damage. At least the one district court case you cited in your brief that sympathized with your view and your argument. Are there any federal or appellate courts that have agreed with that argument? Justice, and that's what I say, Justice House, this is, as far as the Illinois Appellate Court goes, a matter of first impression. Well, I'm going to disagree with you since I've already done two prior TCPA cases, but I want to hone in more specific on what the real issue is here. And that is, I don't think it's a matter of first impression. I think it's a matter of first impression. And that is, can you file a bogus coterminous case simultaneously, or should there not be a period? Should it not be allowed until discovery is done? And as I'm pointing out, you have to address that, because that's the whole issue here. Justice Smith, so I understand you, you're talking about the class certification motion that was filed with the complaint. Right. You have to address that. You have to address the amended one, the fact that there were no facts or law filed with it initially, that you should address the Weiss case and two other cases. I'll go directly to that, Your Honor. Justice Smith, so... The Kenrall case and the Livingston case. I want you to address those three issues. Sure. And I'd start with Barbara. The fact that there's no, I don't think there's any question in this case that the tender was made prior to an actual motion for class certification being made. And I think what this Court needs to look at is the content of the initial, as Justice Smith, you called it, somewhat of a bogus class certification motion. And I think it goes directly to Barbara. And Barbara, the Supreme Court said that, hey, if you make a tender before a valid motion for class certification is made, a proper motion for class certification, then that tender is accepted and the case is over. There's no case in controversy. The cases that you mentioned, Justice Smith, fall under Barbara. Yeah. And so I would think that if the Court allows what happened here, and what this, I don't want to attack the law firm, but what this law firm has started to do, is allow the Supreme Court to make a tender before a valid motion for class certification is made. And what they've done, after Barbara came down, Justice House, is they've started to file these motions for class certification. And Judge Cohen, in his opinion, said it doesn't matter. They filed the motion for class certification, they satisfied Barbara, and the case moves forward. If you allow this to happen, if you allow class actions to be filed with bogus motions for class certifications, what you're doing is you're creating a situation where there doesn't need to be any actual case in controversy with the initial plaintiff. Because the initial plaintiff has filed their motion for class certification, the attorney knows now they're going to have as much time as they want, if you go under the reasoning, Justice Smith, of Judge Cohen, because the motion was already on file. They would have as much time as they want to do whatever discovery they need, despite the fact that there may have been a tender, until they figure out who the rest of that class is. And all they have to do is file the shell motion. I would say, because I just asked for dismissal of the TCPA claim, the tender would be complete. Now, counsel makes the argument that there's additional damages under the Consumer Fraud Act and the conversion claim. We didn't seek to dismiss those claims, Justice Smith. So I think all you look at is whether or not the tender was complete under the TCPA claim. And the $2,500, which is put forth in our, we talk about in our brief, more than would cover, even if you talk about the triple damages and any additional costs or fees. So you're not challenging count two or three? No, Your Honor. I would concede that count two or three, I'm not challenging. I'm challenging the certification of the class with respect to count one. And I think what we do, as I said, is we create a situation, if we allow these shell motions to be filed, where the Supreme Court embargoed that decision, no longer has any effect. Is there an analysis done with regard to whether counts two and three meet the requirements of class actions? I don't think that was an issue before the lower court, Justice House. I don't think anybody took a look at whether, and I think the only way which one would really be appropriate would be the Consumer Fraud Act. And I think that, if we're going to do an analysis of that, Justice House, I mean, you're talking about a lot of problems with whether or not there's the same legal and factual issues. Because the Consumer Fraud Act is obviously a different animal, and it can affect businesses in different ways. So it wasn't addressed, so the case probably would have to be remanded, depending on how we rule on count one. I agree, Your Honor. I agree. I would concede that if... Well, let me ask you another question. Let's just buy your issue as to count one and say what should have been, since it appears under 801, there are no real set standards other than reference to Barber in the three cases you cited. What would you say? Would you say there has to be a minimum period of time, or that discovery has to be done before a certification can be considered? I think what Barber says is that the pickoff can happen at any point in time. So it does allow for a reasonable time. If I would say, does there need to be some type of statute saying you have six months, eight months, a year, I don't think you can do that, just because each case is different, Justice. So my position would be, since there's nothing under 2-801 when the class certification motion must be filed, I mean, they get a reasonable time to conduct certain discovery, and that took place here. So what do you consider is a reasonable period of time? See, that's what I'm saying, is I question that the statute is defective on its face. Justice, I think that if the statute was clearer, I agree, then we wouldn't be standing here today on this very issue. I can't disagree with that. What my suggestion, Justice Smith, would be to put some type of time period in that statute. Obviously, I'm not in a position to do that, but this Court, and I probably maybe shouldn't say this, seems to conduct justice a little quicker than our legislature sometimes. So I would say that if the statute was clearer, we would have a better understanding of what time period would be allowed before a class certification motion needed to be filed. But certainly, there's an issue with Judge Cohen's decision here, whereby he basically said, listen, they had the class motion on file. Your tender doesn't matter. It doesn't matter if you did it a year, six months, two years. Their motion was on file. And that is improper under the Barber case, Justice. The only other thing I would add, Your Honor, and I would like to save a couple minutes for rebuttal as well, is that I think it's important to understand that the issue of whether it's fair to allow two TCPA cases to be certified for classes. I understand it's been done, but I don't think it's been looked at in the vacuum of whether or not the legislature intended to allow class certification. So that, and I think, Justice Smith, you hit it right, the strongest point here that we have is the fact that a tender was made with no class certification motion on file. Thank you. Initially, we'd like to address the implication that there's a limitation on class certification with respect to the Telephone Consumer Protection Act. There is none. There's no requirement that the statute itself set forth the ability to bring a class case under the statute. The presumption is that a class is permitted. But your filing was a shell. There was no content other than the language of the statute. There were no facts and no law. And it really wasn't ever properly filed. The motion was filed with the court. It was filed but never heard. In conjunction with the plaintiff's complaint, it's properly asserted that there was a class that plaintiff was wanting to bring. It was not presented. An amended motion was presented. And no memorandum of assertion was ever submitted. It was not. An amended motion was presented and briefed. And that was three years later, after you made the discovery. That's correct. But the initial motion was sufficient. Do you think it was the intention of the Supreme Court when it wrote Barber that from now on, plaintiffs just file a piece of paper saying class action motion, and that's sufficient to avoid its ruling? I think that Barber does indicate and turn on whether a class motion was filed. It does not set forth any requirements as to the substance of a class motion. So you don't feel there should be a specific period of time in the statute under which somebody would have, or that a limitation is imposed that only after discovery, may it be? I don't believe that Barber does that. I'm not saying Barber. I'm saying it's my belief that that should be in the statute. I don't think setting forth that time period will operate to preclude class certification. Because every defendant is going to pick off class plaintiffs. Well, from the philosophical point of view, courts try to eliminate litigation. And I don't know whether the communication between your client and the defendant was there. But theoretically, a complaint could be the first notice that anything is amiss. And here, by you filing this complaint without, theoretically, any communication with the defendant, it more or less generates more litigation rather than giving the parties an opportunity to resolve the case. But at the time of the filing of the complaint, there was sufficient information to proceed on a class basis. And that initial class motion showed that. It included the facts, which on its face shows that there's enough information to proceed on behalf of a class. How many other people did you know about the facts when you filed the complaint? If you had one client, how do you know there were other facts? The facts itself makes it clear that it was intended as part of a mass broadcasting campaign. It is not addressed to anybody specific. It contains a specific website that's dedicated for receipt of responses. It has an 800 number that's dedicated for receipt of responses to the facts. And it just would not make sense to create an advertisement like this and fax it several states away to somebody who we know did not have a relationship and we know did not consent unless it's done on some sort of scale that involved at least 40 people. With the exception of your objection to your motion having been previously filed, is there any other objection to the tender that was made to your client? Absolutely. The tender was not complete. Why not? Because it did not address counts two and three of plaintiff's complaint, did not provide attorney's fees, and it did not offer the injunction that was demanded. Well, was that the grounds for the motion for summary judgment that the defendant filed on count one? It was not. The defendant at the time of filing their summary judgment motion did not even address the pending class certification motion. They were seemingly unaware that it had or either unaware or did not acknowledge that there was a class motion pending at the time that they filed their summary judgment motion. They, in their reply brief, addressed it, but did not address in their initial summary judgment motion the pendency of a class motion. In any event, the actual tenders did not address, in fact, specifically indicate that they wish to proceed on the remaining counts. This is inappropriate. The defendants are not permitted to rewrite the complaint and address the counts that they wish or believe have merit, pay those off, and then proceed on the counts that they don't think plaintiff will be able to prevail on. That's not a tender. That's not an offer of complete relief. The statute was enacted in 1991. It came back to Congress in 2005 for further enhancement, and that's when the JFPA, the Junk Facts Prevention Act, came about. At that time, Congress looked for ways to further enforce, provide additional enforcement of the statute. It did not find that class actions were an issue and was aware at the time that class actions were occurring. What it did was issue a study finding that additional enforcement was needed and specifically held, or specifically requested that, specifically found that additional enforcement of the statute was needed. At that time, Congress could have decided class certification in the context of TCPA cases was inappropriate. It did not do so. Plaintiff has shown in the case below that defendant used a third party, bought a list of strangers, and sent its advertisement to them. The judge properly certified the class consisting of that group. The tender that they attempted was incomplete. A class motion was pending at the time, and apart from the pendency of the class motion, as indicated, the tender had been incomplete. None of defendant's arguments concerning individual issues are individual. In fact, they show why they're common. Individual arguments are, in fact, common to the class. The defendant claims that your plaintiff representative was a pawn, since this was the seventh case that you have represented him in in exactly this type of cases, and that you settled six of them prior to filing this one. I mean, how is he adequately representing the class in this case since they already offered him $2,500 and he said that would more than adequately cover my costs? I believe that shows that he is adequately representing the class. He's decided to forego this payoff attempt in order to continue with the claims of these class members, or at the time of the deposition, the putative class members. The fact that he has had numerous cases only shows experience. It does not show inadequacy. There's no indication that plaintiff has been a pawn. He's only received faxes. Plaintiff in this case has done nothing. All he's done is have a fax machine and operate his business. The assertion that there's anything improper is actually offensive. There's nothing wrong with anything that plaintiff has done in this case. He's reviewed the discovery. He's sat for a deposition. He's foregone defendant's attempts to pay him off in order to continue with the class claims so that the group may recover. This case involves this mass faxing, which defendant has admitted to. It's conceded that it purchased the list from the third party, that it did not have a relationship with anyone on the group, with anyone in the group and on the list. It does not contest the transmission reports, which show specifically which of the group received the faxes. And it does not contest that it had no relationship with any of the parties. There's no just reason to disturb the trial court's finding of certification in this case. The court has nothing further. Thank you. Just real briefly. I always love that when you say it, because we know it's not. I saw you smiling. This time it will be true. I just had three quick points. Justice House, you hit it exactly right when you said all this is doing is generating more litigation, these type of cases. If you don't have any evidence at the outset, after a year, after two years, after three years, that there are these additional plaintiffs out there that have been harmed or injured, then what you're doing is you're searching and trying to find. And that's not what the PCPA was designed to do. And that leads me to what Justice Smith indicated on the time limit. I think Section 2-801, and again, maybe this is my ignorance and youth to say this in the appellate court, but has some issues with it. So what are we left with? We're left with Barber. And all Barber says is if there's a tender made and it covers the damages, as I think it did in Count 1, and I'm certainly entitled to file a motion on one count for summary judgment based on a tender, there's nothing that says I can't. In fact, the case law supports that I can, and that count should be dismissed. And then, Justice Taylor, picking up on the point that you made, you guys are giving me all the ideas here. You know, the plaintiff is obviously not out to protect from what I can tell the class. It's out to generate additional litigation, and he's certainly not out just to get his damages. Because if that was the case, he would have accepted the $2,500, which he admitted covered his expenses and moved on. Your Honors, I thank you for the time. If you have nothing further, I'm done. You are free. Thank you both. We'll get back to you as soon as we come to an agreement.